*In re* MARRIAGE OF CYNTHIA L. LaTOUR, f/k/a Cynthia L. Duschinsky, Petitioner and Counterrespondent-Appellee, and PAUL A. DUSCHINSKY, Respondent and Counterpetitioner-Appellant.

Fourth District   No. 4—92—0683

Opinion filed February 25, 1993.

Marvin H. Gesell, of Bloomington, for appellant.

F. Donald Heck, Jr., of Pollock, Ennis & Heck, of Quincy, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Cynthia LaTour and Paul Duschinsky were married in 1978, and had four children before their marriage was dissolved in 1985. LaTour was awarded custody of the four children, "subject to [Duschinsky's]

reasonable rights of visitation at reasonable times and places." La-Tour lives in Quincy while Duschinsky lives in the Chicago suburbs. In order to facilitate visitation, the order of dissolution provided LaTour "shall take the said children to the Dixie Truck stop in [McLean] on weekends when requested by Duschinsky with sufficient advance notice to [LaTour]."

On May 7, 1992, Duschinsky filed a petition to modify visitation. Duschinsky alleged LaTour refused to allow him reasonable visitation at reasonable times and places. Duschinsky requested he be granted weekend visitation on a specific weekend each month from Friday at 6 p.m. until Sunday at 6 p.m., alternating Christmas and spring break vacations, alternating Easter and Thanksgiving weekends, and one month per summer. At this time Duschinsky also filed a petition for a rule to show cause alleging LaTour violated court orders by denying him visitation, refusing to sign tax forms he needed to claim the children as his dependents for tax purposes, and failing to provide him with copies of the children's medical bills he needed to obtain reimbursement from his insurer. A rule to show cause was signed by the court on June 10, 1992.

On July 9, 1992, LaTour filed a motion to strike the petition to modify the visitation order and the rule to show cause, alleging the issues raised had already been litigated by the parties and ruled upon by the court and the circumstances of the parties had not changed since the prior rulings.

On July 20, 1992, the court held a hearing on the petition to modify, the rule to show cause, and the motion to strike. The court granted the motion to strike with respect to the tax issues, finding they had already been litigated. Duschinsky represented the parties had reached an agreement regarding the children's medical bills; thus, that matter did not need to be litigated. The court then heard testimony regarding the petition to modify and whether LaTour should be held in contempt of court for allegedly refusing Duschinsky visitation. After the hearing, the trial court denied Duschinsky's request with regard to specific weekend visitation and modified the visitation order with respect to weekend, holiday and summer visitation. The court found Duschinsky failed to meet his burden on the rule to show cause. Duschinsky was additionally ordered to pay $350 of LaTour's attorney fees. Duschinsky appeals, alleging the trial court erred in making these rulings. We agree in part and disagree in part. Accordingly, we affirm in part and reverse in part, remanding with directions.

## I. Visitation

Duschinsky contends the trial court erred in denying his request that a more specific visitation schedule be set by the court, and in modifying visitation to provide weekend visitation and the three-week summer visitation were to be at times *agreed upon by the parties*. Duschinsky contends (1) the modification of the visitation order operates as a *restriction* of his visitation rights and is an unlawful delegation of the court's responsibilities to LaTour, and (2) the denial of Duschinsky's requests was an abuse of discretion. We agree and reverse.

Under the visitation provision of the original order, subject to the limitations of reasonableness, Duschinsky had an unconditional right to visitation with his children on any given weekend, if he provided LaTour with sufficient advance notice. Although not due to the fault of any one party, this arrangement did not work. Sometimes Duschinsky would fail to provide LaTour with sufficient advance notice. Sometimes LaTour would refuse to transport the children to McLean, alleging the unavailability of her husband or financial circumstances. Sometimes LaTour consented to visitation, but refused to transport the children to McLean, as required by the visitation order, or refused to transport them to McLean at a time outside Duschinsky's working hours.

The modified order grants Duschinsky visitation on alternating Christmas and spring vacations; alternating Easter, Labor Day and Thanksgiving weekends; and for three weeks during the summer. However, the summer visitation is to occur at a time *agreed* upon by the parties, and regular weekend visitation is also to occur at times *agreed* upon by the parties.

While granting Duschinsky specific visitation on holidays, the modification actually provides Duschinsky with a lesser ability to obtain weekend visitation than the original order. Under the original order, Duschinsky, upon providing LaTour with sufficient advance notice, had an unconditional right to visitation on any given weekend. Under the modification, weekend visitation is conditioned upon the agreement of the parties.

Although Duschinsky and LaTour have, on occasion, been able to reach an agreement, the record is replete with evidence that they have failed to agree, on multiple occasions, regarding numerous issues involving the children. Moreover, the testimony at the hearing indicated LaTour and Duschinsky do not talk on the telephone because they cannot complete a telephone conversation without arguing. Prior

to the summer of 1992, Duschinsky and LaTour had not spoken on the telephone for two years. Visitation arrangements were generally made between Duschinsky and the children, who then discussed the matter with LaTour. Other times Duschinsky made arrangements through LaTour's husband.

Duschinsky alleges conditioning his ability to exercise his visitation rights on LaTour's agreement effectively restricts his visitation. The court may not restrict a parent's visitation rights unless it finds that the visitation would seriously endanger the child's physical, mental, moral, or emotional health. (Ill. Rev. Stat. 1991, ch. 40, par. 607(c).) In this case, the court did not make a finding of serious endangerment, nor would such a finding have been possible since the parties stipulated Duschinsky was a fit and proper person, and his home was an appropriate place for visitation. Thus, Duschinsky alleges, the trial court erred in conditioning his weekend visitation and summer visitation upon LaTour's agreement.

A restriction on visitation is action which limits, restrains, or confines visitation within bounds. (*In re Marriage of Tisckos/Stewart* (1987), 161 Ill. App. 3d 302, 310, 514 N.E.2d 523, 528.) A termination of visitation is a restriction (*In re Marriage of Dunn* (1987), 155 Ill. App. 3d 247, 254, 508 N.E.2d 250, 255), as is a prohibition on overnight visitation. Likewise, a requirement that visitation be supervised, occur in the home of the custodial parent, or outside the home of the noncustodial parent is a restriction. (*Tisckos/Stewart*, 161 Ill. App. 3d at 310, 514 N.E.2d at 528.) Eliminating one day from a weekend visitation or shortening a summer visitation due to the activities of the child is not a restriction. (See *Gibson v. Barton* (1983), 118 Ill. App. 3d 576, 579-80, 455 N.E.2d 282, 284-85.) Nor is the interruption of a weekend visitation, so that the child may attend religious services, a restriction. *Tisckos/Stewart*, 161 Ill. App. 3d at 311, 514 N.E.2d at 528-29.

■ In the present case the condition does not merely shorten visitation to accommodate the activities of the children. Rather, the condition operates to grant the ultimate determination of whether Duschinsky may exercise his visitation rights to LaTour. Thus, if LaTour fails to agree to visitation on any given weekend, Duschinsky may not see his children. Based upon the parties' history of discord, and their inability to communicate and reach agreements, we believe the court's modification was a restriction and, accordingly, was in error.

Duschinsky additionally alleges conditioning his visitation on the parties' agreement was a delegation of the court's power and an abuse of discretion. While conditioning weekend visitation on the

agreement of the parties might be reasonable in other cases, it was imprudent in the present case. The evidence indicated the children wanted to attend visitation with their father, but were also involved in a variety of extracurricular activities. Duschinsky and LaTour have demonstrated they cannot agree. Yet, the court refused Duschinsky's request for visitation according to a structured schedule, leaving the time for such visitation up to the agreement of the parties.

Duschinsky and LaTour require structure. Under ideal circumstances, given the children's busy schedules, Duschinsky and LaTour should confer monthly, and determine on which weekend *most* of the children would be able to schedule visitation, and schedule visitation accordingly. If the parties can work out visitation under this approach, they should be encouraged to do so. However, there must be a scheduled visitation which will occur when they fail to agree. Duschinsky has acknowledged that under a structured visitation schedule, those children involved in extracurricular activities on his weekend for visitation will not be able to attend visitation.

■ The order of the trial court is affirmed with respect to the visitation schedule for spring break, Easter, Labor Day, Thanksgiving, and Christmas, as well as the determination that Duschinsky should be allowed three weeks' visitation in the summer. The trial court is reversed with respect to the denial of Duschinsky's request for a structured visitation schedule. The matter is remanded to the circuit court for a determination of the weekend on which visitation shall occur; at what time on Friday LaTour is to deliver the children to Duschinsky in McLean; at what time on Sunday Duschinsky is to deliver the children to LaTour in McLean; and which three weeks during the summer the children are to visit Duschinsky. Visitation is then to occur as set forth by the circuit court unless the parties agree otherwise.

The children now range in age from 9 to 14. Their busy and appropriate extracurricular schedules need not dictate visitation, but a visitation schedule also should not dictate or unduly restrict their activities. It would be reasonable for the court to provide that children with extracurricular activities scheduled on Duschinsky's weekend for visitation need not attend that visitation. Many activities are seasonal, or limited in duration, and ought not preclude any child from participating in most of the scheduled visitations.

## II. LATOUR'S ATTORNEY FEES

Duschinsky alleges the circuit court erred in requiring him to pay $350 of LaTour's attorney fees. LaTour contends Duschinsky has

waived this issue by his failure to raise it in the trial court. LaTour cites *In re Marriage of Cheger* (1991), 213 Ill. App. 3d 371, 571 N.E.2d 1135, in support of her petition.

In *Cheger*, Francine Cheger presented evidence through testimony and billing statements from her attorney that she incurred $4,072.55 in attorney fees as a result of a false pleading filed by David Cheger in their dissolution action. (*Cheger*, 213 Ill. App. 3d at 381-82, 571 N.E.2d at 1142.) David did not object to the sufficiency of the billing statements at trial, nor did he object to their introduction into evidence. (*Cheger*, 213 Ill. App. 3d at 382, 571 N.E.2d at 1142.) On appeal, David alleged the court erred in ordering him to pay Francine's attorney fees because no itemized bill was presented, no evidence was presented on the necessity and reasonableness of the fees, and there was no showing of Francine's inability and David's ability to pay the fees. (*Cheger*, 213 Ill. App. 3d at 381, 571 N.E.2d at 1142.) This court found David had waived any argument regarding the sufficiency of the billing statements. Notably this court did not find David waived the issue of the parties' relative ability to pay the fees, but found, on the merits of the issue, that the evidence established Francine had no money to pay the fees while David did. *Cheger*, 213 Ill. App. 3d at 382, 571 N.E.2d at 1142.

The rule of waiver is a limitation on the parties and not on the courts; a reviewing court may ignore the waiver rule in order to achieve a just result. (*Augsburg v. Frank's Car Wash, Inc.* (1982), 103 Ill. App. 3d 329, 333, 431 N.E.2d 58, 61.) The party who waived the question is bound by his waiver, but the court, which has the responsibility of achieving a just result, is not. *People v. Hoskins* (1984), 101 Ill. 2d 209, 219, 461 N.E.2d 941, 946.

In the present case, as in *Cheger*, we determine Duschinsky waived any objection to the reasonableness and necessity of the fees by his failure to object in the trial court. However, also as in *Cheger*, we address the issue of the parties' relative ability to pay on its merits.

In *In re Marriage of Hensley* (1991), 210 Ill. App. 3d 1043, 569 N.E.2d 1097, this court recognized the allowance of attorney fees is within the sound discretion of the trial court. However, the *Hensley* court reversed an award of attorney fees where the evidence indicated both parties were "short of money" and unable to pay all their monthly expenses. We noted the propriety of an award of attorney fees depends on (1) a showing of the party seeking them of an inability to pay, and (2) a demonstration of the ability of the other party to do so. As there was no evidence presented at trial that Janelle

Hensley was unable to pay her attorney fees and Les Hensley was better able to do so, this court reversed, finding the trial court should have ordered each party to pay his or her own attorney fees. *Hensley*, 210 Ill. App. 3d at 1054, 569 N.E.2d at 1103-04.

■ The evidence at the hearing indicated LaTour was employed, but she testified, without explanation, that she did not have the money to pay her attorney fees. The evidence additionally established Duschinsky was unemployed, received $279 per week in unemployment benefits, $240 of which he was required to pay to LaTour for child support, and he had to take out a loan to pay his own attorney fees. We additionally note this was not a situation where LaTour had to initiate litigation in order to enforce an order of the court, obviating the need for a showing of the relative financial positions of the parties. Rather, Duschinsky was forced to initiate litigation in order to obtain visitation, which had not been regularly occurring due to the parties' inability to reach agreement. Under these circumstances, the order requiring Duschinsky to pay LaTour's attorney fees fails to take into consideration the parties' relative ability to pay, is unequitable and an abuse of discretion, and must be reversed.

### III. THE RULE TO SHOW CAUSE

Duschinsky alleges the trial court erred in placing the burden of proof on him with respect to the allegations in the petition for a rule to show cause. In a civil contempt proceeding, the burden of proving the defendant is in contempt is on the party bringing the action, and the defendant must be proved guilty by a preponderance of the evidence. *People v. Thomas* (1991), 220 Ill. App. 3d 110, 128, 580 N.E.2d 1353, 1366.

In *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 285, 469 N.E.2d 167, 175, the supreme court stated, "[t]he noncompliance with an order to pay maintenance constitutes *prima facie* evidence of contempt. Therefore, once the *prima facie* showing is made, the burden shifts to the defendant, who may then defend by showing that he is unable to pay."

Similarly, in *In re Marriage of Betts* (1987), 155 Ill. App. 3d 85, 98, 507 N.E.2d 912, 921, on the issue of contempt for failure to make child support payments, we stated "[f]ollowing a showing of failure to make payment, the burden then rests upon the alleged contemnor to show his noncompliance was not wilful and contumacious and that he had a valid excuse for his failure to pay."

Likewise, in *Gibson*, this court stated, "[t]he failure to pay child support as required by court order is *prima facie* evidence of con-

tempt. [Citation.] If such a showing is made, it is incumbent upon the alleged contemnor to show that the failure to comply was not wilful and contumacious." *Gibson*, 118 Ill. App. 3d at 583-84, 455 N.E.2d at 287.

Additionally, in the case of failure to satisfy a court-ordered property settlement, this court stated, "[i]f it is established that a party has failed to comply with a divorce decree, prima facie evidence of contempt is established. The burden then shifts to the alleged contemnor to show the conduct was not wilful." *Taapken v. Taapken* (1976), 39 Ill. App. 3d 785, 788, 350 N.E.2d 794, 796-97.

Significantly, these cases all speak of a showing or establishment that a court order has been violated *before* the burden shifts to the alleged contemnor to demonstrate the noncompliance was not wilful. Duschinsky alleges he met his burden of showing LaTour violated a court order by filing a verified petition for a rule to show cause, and the court, by issuing the rule to show cause, necessarily made a finding there had been a *prima facie* showing LaTour violated the court's order. We disagree. The mere allegation in a petition for a rule to show cause is insufficient to establish, by a preponderance of the evidence, that a court order has been violated.

A petition for a rule to show cause is the method for notifying the court that a court order may have been violated, and the petitioner requests a hearing on the issue. The petition for a rule to show cause and the rule to show cause operate together to inform the alleged contemnor of the allegations against her. The rule to show cause is the method by which the court brings the parties before it for a hearing. It also notifies the alleged contemnor of the time and place of the hearing. Thus, the petition for a rule to show cause initiates the contempt proceedings, but it does not establish that a violation of a court order has in fact occurred. The rule to show cause, issued by the court, is not a finding a violation of a court order has occurred, but part of the process of notifying the alleged contemnor of the charges, and time and place of the hearing. At the hearing, the burden is on the petitioner to show a violation of a court order has occurred. Once this showing has been made, the burden shifts to the alleged contemnor to show the violation was not wilful.

In the present case, although the evidence demonstrated visitation was not adequately achieved under the visitation order, the evidence did not establish LaTour was solely at fault. Thus, the trial court properly found Duschinsky failed to meet his burden of establishing LaTour had violated an order of the court. Accordingly, the order of the circuit court, with respect to this matter, is affirmed.

## IV. Conclusion

The circuit court's order modifying visitation is affirmed as to its specification of holiday and spring vacations, but is reversed and remanded with directions as to weekend and summer visitation. The circuit court is reversed insofar as it ordered Duschinsky to pay $350 of LaTour's attorney fees. The court's ruling on the petition for rule to show cause is affirmed.

Affirmed in part, reversed in part, and remanded with directions.

LUND and GREEN, JJ., concur.