THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TAREN COUPLAND, Defendant-Appellant.

Third District    No. 3—07—0338

Opinion filed December 30, 2008.

Bryon Kohut, of State Appellate Defender's Office, of Ottawa, for appellant.

Albert G. Algren, State's Attorney, of Monmouth (Terry A. Mertel and Thomas D. Arado, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WRIGHT delivered the opinion of the court:

Following a trial *in absentia*, a jury found defendant guilty of two counts of unlawful possession of drug paraphernalia. On January 25, 2007, the trial court sentenced defendant to concurrent terms of 24 months' court supervision requiring defendant to secure an appointment for drug/alcohol assessment within 30 days. At a court appearance entitled "evaluation appointment complete" on May 10, 2007, the trial court found defendant in contempt of court and ordered defendant immediately incarcerated until such time as defendant completed a drug/alcohol evaluation. The trial court entered a written order finding defendant in indirect civil contempt of court. On May 14, 2007, the trial court denied defendant's motion to reconsider as moot because defendant had completed the evaluation and had been released from custody. Defendant filed a timely notice of appeal.

## FACTS

On September 28, 2006, the State filed an information against defendant alleging two counts of unlawful possession of drug paraphernalia. Defendant appeared before the court on October 26, 2006, and the trial court appointed the public defender to represent defendant. Defendant failed to appear for the jury trial scheduled for January 22, 2007. The trial court conducted a jury trial in the defendant's absence with the public defender present on defendant's behalf. The jury found defendant guilty of both counts of unlawful possession of drug paraphernalia.

Defendant appeared in court with counsel on January 25, 2007. On that day, the trial court sentenced defendant to concurrent terms of 24 months' court supervision. As part of the order, the trial court required defendant to secure an appointment for drug/alcohol assessment within 30 days of either the date of entry of the order or the date of defendant's release from custody. The judge also ordered defendant to complete a remedial program or treatment within six months. Defendant acknowledged receipt of a copy of the order of court supervision. The trial court scheduled a status hearing for February 22, 2007, to review defendant's progress regarding her court-ordered evaluation and treatment.

Defendant failed to appear on February 22, 2007. The trial court

issued a warrant for defendant's arrest which was subsequently served on defendant. Defendant appeared in court on the warrant on March 29, 2007. After an initial appearance with counsel on April 3, 2007, the trial court ordered defendant to appear on May 10, 2007, for a hearing entitled "evaluation appointment complete."

In lieu of a transcript of the May 10, 2007, hearing, the parties have provided an agreed statement of facts for this court's consideration on appeal. The agreed statement of facts shows that on May 10, 2007, the trial court asked defendant if she had completed her evaluation as ordered. Defendant advised the court that she had not completed the evaluation. The trial court found defendant in contempt of court, without allowing defendant any opportunity for further explanation, and ordered defendant to be immediately incarcerated until such time as defendant completed an evaluation.

In the agreed statement of facts, the parties stipulated that the State did not file a petition for a rule to show cause why defendant should not be held in contempt of court, a petition to revoke the order of supervision or other similar pleading. The State did not present any witnesses or evidence on May 10, 2007. Further, the State did not request the court to consider finding defendant in contempt of court when present before the judge on May 10, 2007.

After declaring defendant to be in contempt of court, the trial judge entered a written order finding defendant committed indirect civil contempt based upon the failure to obtain an evaluation as previously ordered. The written order stated that defendant could purge contempt by completing a drug/alcohol assessment. The trial court scheduled a status hearing for May 31, 2007.

Defendant filed a motion to reconsider on May 10, 2007, alleging that the trial court's sentence for indirect civil contempt without notice or hearing violated defendant's due process rights. The trial court heard defendant's motion to reconsider on May 14, 2007. According to the minute entry, the trial court denied the motion. According to the agreed statement of facts, the trial court denied the motion to reconsider based on mootness because defendant had completed her evaluation and was no longer in custody. Defendant filed a timely notice of appeal on May 22, 2007.

## ANALYSIS

■ On appeal, defendant claims the trial court violated her due process rights by finding her in indirect civil contempt without notice or hearing. The State argues defendant's claim is moot or, alternatively, the trial court did not err in finding defendant in contempt of court.

Appellate jurisdiction requires an actual controversy. Reviewing

courts will generally not hear abstract, hypothetical or moot questions. *In re Andrea F.*, 208 Ill. 2d 148, 156 (2003). When intervening events preclude a reviewing court from granting effective relief, an appeal is rendered moot. *Holly v. Montes*, 231 Ill. 2d 153, 157 (2008), citing *Felzak v. Hruby*, 226 Ill. 2d 382, 391 (2007). Further, an appeal is rendered moot where the issues cease to exist or an actual controversy fails to exist. *In re Andrea F.*, 208 Ill. 2d at 156.

Even though an issue is moot at the time of the appeal, some reviewing courts will exercise their jurisdiction to controversies under the public interest exception to the mootness doctrine. This public interest exception applies when the issue is public in nature, requires authoritative guidance from the reviewing court, and is likely to recur. *Holly v. Montes*, 231 Ill. 2d at 157-58; *In re Andrea F.*, 208 Ill. 2d at 156.

"Public nature" questions include issues affecting a large number of the general public or issues of public importance. See *Holly v. Montes*, 231 Ill. 2d at 158; *In re Andrea F.*, 208 Ill. 2d at 157. First, the issue at hand involves the enforcement of a criminal sentencing order of supervision in Warren County. Potentially, the court may be called upon to enforce similar conditions in other court orders affecting offenders in a multitude of cases. Second, contempt proceedings invoke a potential contemnor's due process rights requiring authoritative intervention to guide future proceedings to enforce the circuit court orders in Warren County. See *People v. Waldron*, 114 Ill. 2d 295, 302-03 (1986); *Pryweller v. Pryweller*, 218 Ill. App. 3d 619, 629-30 (1991). Third, the likelihood of recurrence is great and is not limited to the complaining party in this appeal. The public interest exception considers potential recurrences to any person. *Holly v. Montes*, 231 Ill. 2d at 158, citing *In re Andrea F.*, 208 Ill. 2d at 157. We conclude the requirements of the public interest exception exist, and accordingly, we shall decide defendant's appeal.

Contempt of court is generally defined as conduct calculated to embarrass, hinder or obstruct a court in its administration of justice or to deviate from its authority. Further, contempt of court can result from failure to comply with the terms of a court order or judgment. *Sunset Travel, Inc. v. Lovecchio*, 113 Ill. App. 3d 669, 674 (1983), citing *People ex rel. Kunce v. Hogan*, 67 Ill. 2d 55 (1977), *cert. denied*, 434 U.S. 1023, 54 L. Ed. 2d 771, 98 S. Ct. 750 (1978). Contempt proceedings are categorized as either criminal or civil.

The parties dispute whether defendant committed direct or indirect contempt of court. This distinction is critical because it determines the procedures which the trial court must follow in imposing sentence and affects our review of whether the court abused its

discretion by sentencing defendant for contempt while providing an opportunity for this offender to purge the contempt.

In the case of direct contempt, the offending conduct takes place in the presence of the judge and allows the trial court to summarily punish a contemnor. *Pryweller*, 218 Ill. App. 3d at 629. Direct contempt occurs in the presence of the judge, and the trial court acts instantly to impose corrective steps and regain control of the proceedings. See *Johnson v. Mississippi*, 403 U.S. 212, 214, 29 L. Ed. 2d 423, 426, 91 S. Ct. 1778, 1779 (1971). Due process is satisfied if the trial court advises contemnor of the offending conduct before imposing sentence, the trial court makes a sufficient record for review, and the trial court provides contemnor with an explanation of the right to appeal. *In re Marriage of Betts*, 200 Ill. App. 3d 26, 49-52 (1990). Additionally, local circuit court rules may outline the process for proceeding to find a person in direct contempt.

On the other hand, indirect contempt involves very different due process requirements. Indirect contempt does not occur in the courtroom or before the judge. Thus, the trial judge lacks "full personal knowledge of the elements, and proof of facts" which must be presented to the court before a judge can lawfully find a person in indirect contempt of court. *Pryweller*, 218 Ill. App. 3d at 629, citing *In re Marriage of Betts*, 200 Ill. App. 3d 26 (1990). Indirect contempt proceedings require the court to inform the potential contemnor of the nature of the allegations in advance of the hearing. Further, the contemnor has the right to answer the charges and present evidence at a hearing. *Pryweller*, 218 Ill. App. 3d at 629; *In re Marriage of Betts*, 200 Ill. App. 3d at 52-53. A trial court cannot summarily punish a contemnor for indirect contempt without advance formal notice. *Pryweller*, 218 Ill. App. 3d at 630.

In this case, the trial judge's written order characterized the sentence imposed as that for indirect civil contempt. The label selected by the trial court does not necessarily control whether the proceedings involved direct or indirect contempt or whether the trial court imposed civil or criminal penalties. When determining the nature of the contempt proceedings, we must focus on the purpose of the punishment which in this case is a term of indefinite incarceration.

Criminal contempt consists of punishment of a defined duration directed toward reprimanding past conduct, while civil contempt is usually coercive and seeks to modify conduct. *People ex rel. Chicago Bar Ass'n v. Barasch*, 21 Ill. 2d 407, 409-10 (1961). Civil contempt is prospective in nature, and the trial court invokes punishment because a contemnor refused to comply with a court's prior order. *Shillitani v. United States*, 384 U.S. 364, 368, 16 L. Ed. 2d 622, 626, 86 S. Ct. 1531, 1534 (1966).

A review of the record reveals that defendant's failure to complete an evaluation prior to the May 10, 2007, court appearance did not and could not occur within the confines of the courtroom or within the presence of the court. Further, the trial court did not have personal knowledge of defendant's actions at the time court convened on May 10, 2007. The trial court needed additional information. That is evidenced by the fact that the trial court inquired of defendant whether the evaluation had been completed. The State cites several cases in support of its argument that defendant committed direct contempt. However, we find those cases distinguishable from the facts in this case.

■ The parties agree that prior to the May 10, 2007, court appearance, the State had not filed a petition for rule to show cause or other similar pleading. The parties also agree that the State did not call any witnesses or present any evidence on May 10, 2007. After questioning defendant and upon learning that defendant did not complete the evaluation, the trial court summarily sentenced defendant. Further, the trial court did not allow defendant any opportunity to explain or offer any evidence regarding the evaluation prior to imposing sentence. The record indicates that defendant received notice of the court appearance scheduled on May 10, 2007, but the notice stated that the cause was continued for "evaluation appointment complete." The notice did not inform defendant of a contempt hearing or that she could be subject to contempt proceedings on May 10, 2007.

Based upon a careful review of the record and the applicable case law, we conclude that the trial court sentenced defendant for indirect civil contempt. However, in doing so, the trial court denied defendant her due process rights to prior notice and to present evidence during the course of the hearing. Accordingly, we find the trial court abused its discretion in sentencing defendant for indirect civil contempt, and the trial court's order cannot stand.

## CONCLUSION

The judgment of the circuit court of Warren County is reversed and vacated.

Reversed and order vacated.

CARTER and HOLDRIDGE, JJ., concur.