**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190213-U

Order filed June 11, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| MICHAEL LU, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| ZACHARY STOCKING, BRITTANY | ) | |
| WALKER, and ALL UNKNOWN TENANTS, | ) | Appeal No. 3-19-0213 |
| | ) | Circuit No. 18-LM-1040 |
| Defendants | ) | |
| | ) | |
| (Zachary Stocking and Brittany Walker, | ) | |
| | ) | The Honorable |
| Defendants-Appellees). | ) | Domenica A. Osterberger, |
| | ) | Judge, presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Carter and O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court erred when it declined to consider an issue raised by the plaintiff
              in a petition for rule to show cause.

¶ 2        The plaintiff, Michael Lu, filed a forcible entry and detainer action against the

defendants, Zachary Stocking and Brittany Walker,[1] alleging that the defendants were in arrears

on rent.  In 2018, after the defendants admitted owing $4,500, the circuit court entered an order

requiring specific terms of repayment and then dismissed the complaint with prejudice.  One

year later, Lu sought enforcement of the order and unpaid rent for that year.  The court entered

an eviction order and monetary judgment of $4,500 against Stocking and Walker but declined to

consider the issue of unpaid rent.  Lu appealed, arguing that the court should have also awarded

him the additional relief he sought for rent owed between 2018 and 2019.  We reverse and

remand.

¶ 3                                    I.  BACKGROUND

¶ 4        On May 7, 2018, Lu filed a forcible entry and detainer action against Stocking and

Walker, alleging that they were $4,725 in arrears on rent.  On May 16, 2018, the circuit court

entered an order stating that Stocking and Walker admitted that they owed Lu $4,500.  The order

required Stocking and Walker to pay $300 on the debt every Friday by 5 p.m. starting on June 1,

2018, and continuing until the debt was paid off.  If they failed to perform, Lu would gain

immediate possession of the property.  The court dismissed Lu's action with prejudice and

retained jurisdiction to enforce the order.

¶ 5        One year later, Lu scheduled a hearing for April 18, 2019, to pursue his claims that

Stocking and Walker had failed to comply with the court's 2018 order and that they also owed

him rent for the period between June 2018 and April 2019.  Appended to Lu's motion was an

_____

[1] It appears from the record that Walker married Stocking during the pendency of this case and she changed

her last name to Stocking.  To foster continuity and avoid confusion, we will continue to refer to her as Walker

throughout our decision.

itemized list of payments he had received from Stocking and Walker. The payments included amounts owed on the 2018 order and some monthly rent during the above-referenced time period. The statement alleged total payments of $6,838.15 and an unpaid balance of $7,836.85.

¶ 6        At the hearing, the circuit court allowed Lu to present evidence on amounts Stocking and Walker had paid to him since the 2018 order, which the court determined to be $6,838.15. After discussing matters with the parties, the court ruled that it would enter an eviction order based on the failure of Stocking and Walker to comply with the terms of the 2018 order.

¶ 7        Next, the court told Lu that "[w]ith regard to any outstanding amounts due, your agreement did not contemplate that I would have a hearing on any back rent that occurred after this May 16 [2018] date." After Lu indicated that he also wanted the court to include the amount Stocking and Walker owed him for rent between June 2018 and April 2019, the court stated that the 2018 order contemplated payments only on the $4,500 arrearage and did not contemplate future unpaid rent. The court determined that the amount of rent Stocking and Walker owed from June 2018 through April 2019 was $9,625 and that it was going to consider the $6,838.15 they had paid during that time to be partial rent, rather than credit any of that amount toward the $4,500 arrearage from the May 2018 order. Accordingly, the court entered a judgment in favor of Lu for $4,500 and informed him that "[i]f you wish to pursue any kind of claim with regard to any rent that is outstanding between June of 2018 and the eviction date of May 2nd *** you may file another lawsuit if you wish to."

¶ 8        Lu appealed.

¶ 9                                II. ANALYSIS

¶ 10        On appeal, Lu argues that the circuit court erred when it declined to grant him additional relief based on rent owed between June 2018 and April 2019. In so arguing, Lu alleges that the

court erred when it declined to accept into evidence a text message from Stocking that admitted he and Walker owed $7,836.85 and when it declined to read Lu's "balance sheet," which was attached to his pleading and which itemized the amounts received and not received from Stocking and Walker between May 2018 and April 2019.

¶ 11    Initially, we note that Stocking and Walker did not file an appellee's brief with this court. However, we will decide the case on its merits because the record is simple and the issue is one that we can easily decide without the aid of an appellee's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 12    In this case, Lu's forcible entry and detainer complaint was dismissed with prejudice after the circuit court ordered that Stocking and Walker owed Lu $4,500, which was to be paid back in $300 increments every Friday by 5 p.m.  The court properly retained jurisdiction to enforce that judgment.  See *In re Marriage of Allen*, 343 Ill. App. 3d 410, 412 (2003) (holding that "[a]lthough the trial court loses jurisdiction to amend a judgment after 30 days from entry, it retains indefinite jurisdiction to enforce the judgment").

¶ 13    One year later, Lu filed a pleading that alleged Stocking and Walker had not only failed to comply with the terms of the 2018 order, but also that they owed him rent from June 2018 to April 2019.  That pleading was in effect a petition for rule to show cause, as it alleged Stocking and Walker failed to comply with the court's 2018 order and requested a hearing on the matter. See *In re Marriage of LaTour*, 241 Ill. App. 3d 500, 508 (1993) (holding that "[a] petition for a rule to show cause is the method for notifying the court that a court order may have been violated, and the petitioner requests a hearing on the issue").  We review a circuit court's ruling on a petition for rule to show cause for an abuse of discretion.  *In re Marriage of Berto*, 344 Ill. App. 3d 705, 712 (2003).  An abuse of discretion occurs if the court's decision was arbitrary,

4

fanciful, or unreasonable, or if no reasonable person would adopt the court's position. *Hilgenberg v. Kazan*, 305 Ill. App. 3d 197, 204 (1999).

¶ 14   It is unclear to this court what flaw prompted the circuit court to decline to address Lu's unpaid-rent claim, but the court's statement that a new complaint was required suggests that it believed it lacked jurisdiction to consider the claim.

¶ 15   A court must have both personal jurisdiction over the parties and subject-matter jurisdiction over the type of case brought. *In re M.W.*, 232 Ill. 2d 408, 414 (2009). Subject-matter jurisdiction "refers to the power of a court to hear and determine cases of the general class to which the proceeding in question belongs." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). Subject-matter jurisdiction "is conferred entirely by our state constitution" (*id.*), which extends that jurisdiction to all "justiciable matters" (Ill. Const. 1970, art. VI, § 9). "[I]n order to invoke the subject matter jurisdiction of the circuit court, a plaintiff's case, as framed by the complaint or petition, must present a justiciable matter." *Belleville Toyota*, 199 Ill. 2d at 334. "Generally, a 'justiciable matter' is a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Id.* at 335.

¶ 16   In his petition for rule to show cause, Lu not only raised the issue of compliance with the 2018 order, but he also raised a justiciable matter that Stocking and Walker owed him rent from June 2018 to April 2019. Thus, the circuit court had subject matter jurisdiction to adjudicate that claim.

¶ 17   "Personal jurisdiction refers to the court's power to bring a person into its adjudicative process." (Internal quotation marks omitted.) *People v. Castleberry*, 2015 IL 116916, ¶ 12. There is no question that the circuit court had personal jurisdiction in this case, as the circuit

5

court not only retained jurisdiction to enforce the 2018 order, but also Stocking appeared in court for the hearing on Lu's petition for rule to show cause. See *In re Marriage of Verdung*, 126 Ill. 2d 542, 547 (1989) (holding that "[p]ersonal jurisdiction may be acquired either by the party's making a general appearance or by service of process as statutorily directed").

¶ 18    Because the circuit court had jurisdiction to consider Lu's unpaid-rent claim and, in fact, credited all of Stocking and Walker's payments to their rent obligation for the period Lu sought to adjudicate, we hold that the circuit court erred when it declined to address the entirety of this issue at the hearing on Lu's petition for rule to show cause. We reverse the court's order and remand for consideration of both claims that Lu raised in his petition for rule to show cause. This ruling obviates the need to address Lu's evidence-based arguments.

¶ 19    Lastly, we note that it is unclear to this court why the circuit court decided to credit all payments made by Stocking and Walker between May 2018 and April 2019 toward an issue that the court apparently believed it lacked jurisdiction to consider. On remand, we remind the circuit court to consider the effect, if any, judgment interest will have on the remedy it fashions. See 735 ILCS 5/2-1303 (West 2018); 815 ILCS 205/2 (West 2018).

¶ 20                                III. CONCLUSION

¶ 21    For the foregoing reasons, the judgment of the circuit court of Will County is reversed and the cause is remanded for further proceedings.

¶ 22    Reversed and remanded.