**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210148-U

Order filed June 10, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| | ) | Will County, Illinois. |
| CHRISTINE KRIER, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | Appeal No. 3-21-0148 |
| | ) | Circuit No. 11-D-324 |
| and | ) | |
| | ) | |
| JOSEPH KRIER, | ) | Honorable |
| | ) | Dinah Lennon Archambeault, |
| Respondent-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HAUPTMAN delivered the judgment of the court.
Justices Lytton and Schmidt concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err by entering the orders, relating to respondent's child support and sanctions under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018), that underlie the order finding respondent in indirect civil contempt. However, the circuit court failed to comport with minimal due process during the indirect civil contempt proceedings. Therefore, the order finding respondent in indirect civil contempt, pursuant to petitioner's three petitions for rule to show cause, is partially vacated. The matter is remanded for further proceedings.

¶ 2    Over several years of postdissolution of marriage proceedings, petitioner, Christine Krier, and respondent, Joseph Krier, disputed many issues, including Joseph's child support. Christine sought sanctions against Joseph under Rule 137, resulting in an order for Joseph to pay $7500 in

fees to Christine's attorney. Christine also filed three petitions for rule to show cause, seeking orders directing Joseph to show cause why he should not be held in indirect civil contempt for, *inter alia*, failing to comply with child support orders and the Rule 137 sanctions order. The circuit court held Joseph in indirect civil contempt and imposed certain penalties, subject to purge. Joseph, a self-represented litigant, appeals.

¶ 3                                  I. BACKGROUND

¶ 4          Christine and Joseph were married on February 19, 2005. One child, A.K., was born of the marriage. On February 18, 2011, Christine petitioned for dissolution of the marriage and, on August 8, 2012, the circuit court entered a judgment.

¶ 5          Over the next six years of postdissolution of marriage proceedings, the parties disputed Joseph's child support. The judgment for the dissolution of marriage provided for Joseph to pay $666.66 per month in child support, but these postdissolution proceedings resulted in reductions of child support in multiple amounts. While the reason is unclear from the record, child support issues were reserved and repeatedly continued from March 28, 2014, to September 5, 2016.

¶ 6          On September 6, 2016, Joseph withdrew a pending motion to reduce child support with prejudice. That same day, Christine filed a petition to increase Joseph's child support under section 505 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/505 (West 2016)), arguing there was a substantial change in Joseph's income. In addition, on October 4, 2016, Christine filed a petition for contribution to fees and costs under section 508(a) and (b) of the Act (750 ILCS 5/508(a), (b) (West 2016)) and Rule 137, alleging, *inter alia*, Joseph obtained unwarranted reductions of his child support by knowingly and falsely misrepresenting his income to the circuit court. Christine argued Joseph committed perjury, failed to fully comply with discovery related to his income, and caused unnecessary litigation.

2

Christine supported her petition with the affidavit of her attorney, which indicated the services and attorney fees necessitated by Joseph's unwarranted requests for child support reductions.

¶ 7　　On February 25, 2019, the circuit court held a hearing on Christine's motion to increase child support and petition for attorney fees and costs under section 508(a) and (b) and Rule 137. A report of proceedings from that hearing is not contained in the record. However, at the hearing, Joseph was in attendance and represented by an attorney. After the hearing, the circuit court entered an order with "both parties in agreement with *** [its] recommendations." The agreed order increased Joseph's child support to $600 per month, retroactive to September 6, 2016, and ordered Joseph to pay Christine's attorney $7500 within 90 days "pertaining to 137 sanctions."

¶ 8　　On March 26, 2019, Joseph, through his attorney, filed a motion to vacate the February 25, 2019, agreed order. Joseph argued Christine's income was higher than the amount indicated by her attorney, such that the circuit court's recommendations on his child support and contribution to attorney fees would have been different if based on Christine's actual income.

¶ 9　　In response, Christine argued Joseph's income, not her income, was in dispute on February 25, 2019. Christine stated the circuit court's ruling was based on fairness and an effort to settle the dispute. Christine also noted each party agreed with the circuit court's recommendations. Nevertheless, Christine denied withholding information about her income.

¶ 10　　On June 4, 2019, Christine filed two petitions for rule to show cause, seeking orders for Joseph to show cause why he should not be found in indirect civil contempt. The first petition related to Joseph's failure to pay a share of A.K.'s medical bills, health insurance, school fees, daycare fees, and extracurricular activity fees. The second petition related to Joseph's noncompliance with the parties' allocated parenting time.

¶ 11        On August 27, 2019, the circuit court held a hearing on Joseph's motion to vacate the February 25, 2019, order and Christine's two petitions for rule to show cause. A report of proceeding for that hearing is not contained in the record. In an order entered after the hearing, the circuit court denied Joseph's motion to vacate, finding that motion was "not sufficient to warrant a re-hearing." The circuit court noted the February 25, 2019, order was agreed to by the parties. The circuit court also issued the rules to show cause against Joseph.

¶ 12        On September 25, 2019, Joseph filed a *pro se* motion to reconsider the denial of his motion to vacate the February 25, 2019, order. Joseph again argued Christine failed to provide her correct income. Further, for the first time, Joseph argued the Rule 137 sanctions, requiring him to pay Christine's attorney $7500, were imposed without an explanation by the circuit court. The circuit court subsequently denied Joseph's motion to reconsider on December 23, 2019.

¶ 13        On November 26, 2019, Christine filed a third petition for rule to show cause, seeking an order requiring Joseph to show cause why he should not be found in indirect civil contempt. This petition related to (1) Joseph's failure to comply with orders to pay child support and accrued interest, totaling $21,250 and $6764.96, respectively, (2) Joseph's abuse of the parties' allocated parenting time, and (3) Joseph's noncompliance with the order to pay Rule 137 sanctions by transmitting $7500 to Christine's attorney. On December 4, 2019, despite no rule being issued, Christine's third petition for rule to show cause was set for a hearing on January 8, 2020.

¶ 14        On January 8, 2020, the parties appeared for the scheduled hearing. A report of proceeding from that hearing is not contained in the record. In an order entered after the hearing, the circuit court noted, *inter alia*, Joseph's child support was reserved between March 28, 2014, and September 5, 2016, and needed to be determined. The circuit court found Joseph owed child support during that time frame. The circuit court appointed a binding mediator to determine the

4

amount of child support that should have been paid during this period and required the parties to provide financial information and a settlement proposal to him within a certain period. The order further provided that should Joseph decide to appeal whether child support was due between March 28, 2014, and September 5, 2016, the mediation would be stayed. As such, the circuit court continued the hearing on Christine's third petition for rule to show cause to a later date.

¶ 15    Although not addressing the reserved child support issues, on January 23, 2020, Joseph filed appeal No. 3-20-0035, purporting to challenge the February 25, 2019, order and the rulings denying a vacatur and reconsideration of that order. Joseph sought to vacate the ruling increasing his child support and requiring payment of $7500 to Christine's attorney as a Rule 137 sanction. On October 26, 2020, we dismissed appeal No. 3-20-0035 under Illinois Supreme Court Rule 375(a) (eff. Feb. 1, 1994). Joseph failed to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) by filing a brief. We subsequently denied Joseph's motion to reinstate that appeal.

¶ 16    That same day, October 26, 2020, the circuit court held a hearing, via Zoom, on all pending matters. The notice that scheduled the hearing specifically indicated that the circuit court would address Christine's two petitions for rule to show cause, filed June 4, 2019. The notice did not indicate the circuit court would address Christine's third petition for rule to show cause, filed November 26, 2019. Christine and her attorney, but not Joseph, were present at the hearing. Therefore, at the outset of the hearing, the circuit court stated the following on the record:

> "Because Mr. Krier is always here, I asked [Christine] *** to text him, and she did. She called him and actually reached him. He was at a doctor's appointment [and] *** indicated he had no plans on coming in this morning. I do note that although he wasn't here when we entered the order, he appeared late that same day and was advised of this date. And, [Christine's attorney] *** indicated

5

there was actually two orders that set this date. So he knew of today's date, he knew of the Zoom information because he did come in last time on Zoom, so I am going to proceed in his absence."

¶ 17 Thereafter, the circuit court noted rules to show cause had issued with respect to the two petitions filed by Christine on June 4, 2019. However, with respect to Christine's third petition for rule to show cause, Christine's attorney acknowledged, "the rule was not issued." The circuit court and Christine's attorney then had the following exchange:

"THE COURT: Okay. So I have to issue that rule. Let me see if it's verified. That's verified. So I can't really go ahead with that one because it was never issued. It doesn't say we are going to have a hearing instanter, does it? Let me look at that order.

[Christine's attorney]: On the issuance of it? I'm fine with—I'll question my client about whether or not she's received child support. I don't need the burden to shift.

THE COURT: Okay. Let's do that. So I am going to take care of everything."

The circuit court then received testimony from Christine on matters pertinent to her third petition for rule to show cause, filed November 26, 2019. Christine testified about, among other things, Joseph's inconsistent and mostly nonexistent child support payments between January 2014 and the date of the hearing. Christine's attorney stated Joseph owed child support and accrued interest totaling $21,250 and $6764.96, respectively. Christine's attorney also testified that Joseph failed to comply with the circuit court's February 25, 2019, order by paying her $7500 as a Rule 137 sanction. After receiving the above-described testimony, the circuit court found:

6

"Okay. All right. I am going to issue the rule. Burden shifts. He is not here to object. I find him in indirect civil contempt of court for failure to pay child support in the amount of $21,250[, accrued interest in the amount of $6764.96, and attorney fees and costs as a Rule 137 sanction in the amount of $7500] pursuant to the petition [for rule to show cause] that was filed on 11-26 of '19."

¶ 18    After the hearing, the circuit court entered a single order that resolved all pending matters, including Christine's three petitions for rule to show cause. Absent testimony to dispute Christine's allegations, the circuit court held Joseph in indirect civil contempt pursuant to all three petitions for rule to show cause. Relating to the third petition, filed November 26, 2019, Joseph was held in indirect civil contempt for the failure to comply with orders of child support and the order to pay Christine's attorney $7500 as a Rule 137 sanction. The order imposed a stayed sentence, subject to purge, of up to 180 days in the Will County Adult Detention Center.

¶ 19    On November 10, 2020, Joseph filed a motion to vacate the October 26, 2020, order. Joseph argued, *inter alia*, our court's mandate in appeal No. 3-20-0035 had not issued, so the circuit court was without jurisdiction to enter the October 26, 2020, order. Joseph also took issue with the October 26, 2020, hearing occurring in his absence. That motion was denied. Joseph appeals, as a self-represented litigant, under Illinois Supreme Court Rule 303 (eff. July 1, 2017).[1]

¶ 20                                    II. ANALYSIS

¶ 21    Initially, Christine has foregone her right to file a brief. In this situation, we have three distinct and discretionary options that include: (1) if justice requires, advocating for Christine or searching the record to sustain the judgment; (2) deciding the merits if the record is simple and

---

[1]This appeal is also proper under Illinois Supreme Court Rule 304(b)(5) (eff. March 8, 2016), which allows an appeal of "[a]n order finding a person *** in contempt of court which imposes a monetary or other penalty" without "the finding required for appeals under paragraph (a) of th[e] rule."

7

the issues are easily decided; or (3) reversing the judgment if Joseph's brief demonstrates *prima facie* reversible error that is supported by the record. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976); accord *People v. Salvador*, 2021 IL App (3d) 200189, ¶ 10. Despite the intricate posture of this appeal and the inartful nature of Joseph's arguments, we proceed under the second option.

¶ 22       Joseph's challenges may be organized into two categories. First, Joseph challenges certain orders that underlie the October 26, 2020, order finding him in indirect civil contempt. Joseph argues the agreed order, dated February 25, 2019, increased his child support without consideration of the parties' actual income and imposed Rule 137 sanctions without a specific written explanation by the circuit court. Joseph also argues the order, dated January 8, 2020, improperly found he owed child support for the reserved period of March 28, 2014, to September 5, 2016. Second, Joseph directly challenges the October 26, 2020, order of indirect civil contempt, arguing it was entered without jurisdiction after a hearing in his absence.

¶ 23       A. Orders Underlying the Circuit Court's Findings of Indirect Civil Contempt

¶ 24       Since Joseph challenges the October 26, 2020, order, which, *inter alia*, found him in indirect civil contempt, we must also review the orders underlying the contempt findings. See *People v. Cole*, 2017 IL 120997, ¶ 18; accord *Waste Management, Inc. v. International Surplus Lines Insurance Co.*, 144 Ill. 2d 178, 189 (1991) (finding, in the context of a refusal to produce documents, "review of the contempt finding necessarily requires review of the order upon which it is based"); *In re Marriage of Sharp*, 369 Ill. App. 3d 271, 277 (2006); *In re Marriage of Nettleton*, 348 Ill. App. 3d 961, 968 (2004). A contempt order must be reversed if the underlying orders are invalid. *Cole*, 2017 IL 120997, ¶ 18 (citing *People v. Shukovsky*, 128 Ill. 2d 210, 222

8

(1988)). However, no matter how erroneous, an order entered with proper jurisdiction must be obeyed until modified, set aside, or reversed on appeal. See *Nettleton*, 348 Ill. App. 3d at 970.

¶ 25     First, Joseph challenges the underlying order, entered on February 25, 2019, which was subsequently reaffirmed, that increased his child support obligation to $600 per month and ordered him to pay $7500 in fees to Christine's attorney as a Rule 137 sanction. Relevantly, the record indicates the February 25, 2019, order, was entered with "both parties in agreement with the court's recommendations." Nevertheless, an agreed order, such as that challenged by Joseph, may be vacated if substantial justice was not achieved. See *Draper and Kramer, Inc. v. King*, 2014 IL App (1st) 132073, ¶ 25. The question of whether substantial justice was achieved requires consideration of several factors, including due diligence, the existence of a meritorious defense, the severity of the resultant penalty, and the relative hardships to the parties. *Id*. We review the circuit court's decision in this respect for an abuse of discretion. *Id*. ¶ 26.

¶ 26     Here, the agreed order was entered against the backdrop of Joseph's alleged bad conduct, including that he misrepresented his income for child support reductions, committed perjury, and failed to fully comply with discovery relating to his income. Perhaps tellingly, Joseph withdrew his pending motion to reduce child support, with prejudice, prompting Christine to file a petition to increase Joseph's child support and a petition for attorney fees as a Rule 137 sanction. Christine supported the latter petition with an affidavit of her attorney, indicating the services and attorney fees necessitated by Joseph's unwarranted requests for child support reductions.

¶ 27     The record indicates these circumstances culminated in the February 25, 2019, agreed order, which was entered when Joseph was represented by an attorney. Clearly, the circuit court, through its recommendations, and the parties, by agreement, intended to return Joseph's child support obligation to an amount closer to the original $666.66 amount. Further, the language of

9

the order suggests Joseph agreed to pay $7500 to Christine's attorney as a Rule 137 sanction. Again, we emphasize that the agreed order was entered when Christine was alleging misconduct by Joseph and Joseph was represented by an attorney. As such, on this record, which is arguably deficient due to the absence of relevant reports of proceedings, we cannot conclude the circuit court abused its discretion by entering or refusing to vacate the February 25, 2019, agreed order.

¶ 28   Also, we note Joseph did not challenge the agreed order to pay Rule 137 sanctions, based on a deficient written explanation, until he filed a *pro se* motion to reconsider the denial of his motion to vacate, which was filed by his attorney. Before that time, Joseph's attorney framed the issue as an erroneous contribution to Christine's attorney fees since the parties' actual income was not considered. Therefore, Joseph's sanctions argument is waived. See *American Chartered Bank v. USMDS, Inc.*, 2013 IL App (3d) 120397, ¶ 13; accord *Caywood v. Gossett*, 382 Ill. App. 3d 124, 133-34 (2008); *Liddle v. Cepeda*, 251 Ill. App. 3d 892, 895-96 (1993) (holding procedural objections to Rule 137 were waived, where, *inter alia*, "[d]efense counsel participated in the hearing and never raised any procedural objections, either at the hearing or in the post-trial motion").

¶ 29   Second, Joseph challenges the underlying order, dated January 8, 2020, finding he owed child support between March 28, 2014, and September 5, 2016. However, Joseph articulates no persuasive basis for our court to vacate that order. The record indicates the circuit court reduced Joseph's child support and then reserved and repeatedly continued the issue. Joseph withdrew his pending motion to reduce child support, with prejudice, on September 6, 2016, then Christine filed a petition to increase child support. At that time, there no longer appeared to be a question of whether Joseph owed child support. The question instead was the amount of child support owed by Joseph. Therefore, on January 8, 2020, the circuit court was merely accounting for a

10

reserved and disputed child support period. We note, like the hearing held on February 25, 2019, a report of proceeding for the hearing held on January 8, 2020, is not contained in the record.

¶ 30　　　　For these reasons, we affirm the orders, relating to Joseph's child support and Rule 137 sanctions, that underlie the circuit court's findings of indirect civil contempt.

¶ 31　　　　　　　　　　　　B. Order of Indirect Civil Contempt

¶ 32　　　　Next, Joseph argues, *inter alia*, the circuit court erred by entering the October 26, 2020, order after holding a hearing in his absence.[2] We agree. By proceeding in Joseph's absence, the circuit court deprived Joseph of minimal due process, namely, notice and an opportunity to be heard on Christine's third petition for rule to show cause at an evidentiary hearing. See *In re Estate of Lee*, 2017 IL App (3d) 150651, ¶ 40; accord *In re A.M.*, 2020 IL App (4th) 190645, ¶ 16; see also *Milton v. Therra*, 2018 IL App (1st) 171392, ¶ 38. To be adequate, the notice must state the facts of the alleged indirect civil contempt and, within a reasonable time, state the time and place of the evidentiary hearing. See *Milton*, 2018 IL App (1st) 171392, ¶¶ 38-39; accord *People v. Covington*, 395 Ill. App. 3d 996, 1007 (2009). A contemnor cannot be summarily punished for indirect civil contempt without advance formal notice. See *People v. Coupland*, 387 Ill. App. 3d 774, 778 (2008) (citing *Pryweller v. Pryweller*, 218 Ill. App. 3d 619, 630 (1991)).

¶ 33　　　　In practice, a petition for rule to show cause and a rule to show cause are "two distinct procedures" that "work in concert" to satisfy these requirements. See *Milton*, 2018 IL App (1st)

_____

[2]Joseph is incorrect that the circuit court entered the October 26, 2020, order without jurisdiction. Joseph notes our mandate in appeal No. 3-20-0035 issued on November 30, 2020. However, in that appeal, Joseph sought to challenge the February 25, August 27, and December 23, 2019, orders, which did not contain an Illinois Supreme Court Rule 304(a) (eff. March 8, 2016) finding, as necessary for an appeal while Christine's three petitions for rule to show cause remained pending. See *In re Marriage of Crecos*, 2021 IL 126192, ¶¶ 44-45; accord *In re Marriage of Teymour and Mostafa*, 2017 IL App (1st) 161091, ¶¶ 38-39, 41. As such, Joseph's notice of appeal in appeal No. 3-20-0035 was premature and ineffective for purposes of invoking our jurisdiction or divesting the circuit court of jurisdiction. See *In re Marriage of Gutman*, 232 Ill. 2d 145, 156 (2008); accord *In re Marriage of Dianovsky*, 2013 IL App (1st) 121223, ¶¶ 37, 40; *In re Marriage of Carrillo*, 372 Ill. App. 3d 803, 813 (2007).

11

171392, ¶¶ 39, 41 (citing *In re Marriage of LaTour*, 241 Ill. App. 3d 500, 508 (1993)). After a petition for rule to show cause is filed, initiating indirect civil contempt proceedings, the circuit court must issue a rule to show cause to satisfy the notice requirements. See *id*. ¶ 39 (citing *LaTour*, 241 Ill. App. 3d at 508; *In re Marriage of Betts*, 200 Ill. App. 3d 26, 53 (1990)). This procedure is necessary because "[t]he rule to show cause is 'the method by which the court brings the parties before it for a hearing'; it is not itself a contempt finding." *Id*. (citing *LaTour*, 241 Ill. App. 3d at 507). If the circuit court fails to issue and serve a rule to show cause on the contemnor before entering a finding of indirect civil contempt, then the contemnor is deprived of the notice required by minimal due process. See *id*. ¶ 40 (citing *People ex rel. Williams v. Williams*, 156 Ill. App. 3d 438, 442 (1987); *Sanders v. Shephard*, 185 Ill. App. 3d 719, 730-31 (1989)). We do not disturb the circuit court's contempt findings unless they are against the manifest weight of the evidence or an abuse of discretion. *Lee*, 2017 IL App (3d) 150651, ¶ 38.

¶ 34 Here, Joseph did not receive adequate notice of the hearing on Christine's third petition for rule to show cause, which was filed on November 26, 2019, and related to, *inter alia*, the child support and Rule 137 issues underlying this appeal. The notice for that hearing informed Joseph that a hearing would take place on the two petitions for rule to show cause filed on June 4, 2019. However, the notice did not indicate a hearing would be held on the third petition for rule to show cause filed on November 26, 2019. See *Milton*, 2018 IL App (1st) 171392, ¶¶ 38-39; accord *Covington*, 395 Ill. App. 3d at 1007; see also *Coupland*, 387 Ill. App. 3d at 779 (holding the circuit court violated the defendant's due process rights to notice and an evidentiary hearing by holding her in indirect civil contempt, where, *inter alia*, "[t]he notice did not inform [the] defendant of a contempt hearing or that she could be subject to contempt proceedings").

12

¶ 35        Further, unlike with the two petitions for rule to show cause filed on June 4, 2019, the circuit court did not issue a rule to show cause against Joseph—before the October 26, 2020, hearing—on the third petition for rule to show cause filed on November 26, 2019. Despite the testimony received at the hearing, the circuit court could not simultaneously issue a rule to show cause against Joseph and find him in indirect civil contempt pursuant to that third petition for rule to show cause. See *Milton*, 2018 IL App (1st) 171392, ¶¶ 41-42 (holding the plaintiff was not informed of the charges of indirect civil contempt or the time and place of an evidentiary hearing, as required by minimal due process, where "the court simultaneously 'entered' a rule to show cause and awarded [the defendant] *** attorney fees and costs"). By doing so, the circuit court deprived Joseph of the notice required by minimal due process.

¶ 36        By extension, the lack of notice deprived Joseph of a fair evidentiary hearing on the petition for rule to show cause filed on November 26, 2019. See *id.* ¶ 44. At such a hearing, the petitioner must initially establish, by a preponderance of the evidence, the contemnor violated a court order. See *In re A.M.*, 2020 IL App (4th) 190645, ¶ 16 (quoting *In re Marriage of Knoll*, 2016 IL App (1st) 152494, ¶ 50). The contemnor must then establish the violation of the order was not "willful and contumacious" and that there was "a valid excuse for failing to follow the order." See *id.* (quoting *Knoll*, 2016 IL App (1st) 152494, ¶ 50). Importantly, "[i]t is not enough that the contemnor be allowed to testify and to cross-examine the other party's witnesses." *Milton*, 2018 IL App (1st) 171392, ¶ 44 (citing *Williams*, 156 Ill. App. 3d at 443). The contemnor must also have "a full opportunity" to explain any noncompliance through the presentation of evidence. See *id.* (quoting *Pryweller*, 218 Ill. App. 3d at 631); see also *Coupland*, 387 Ill. App. 3d at 778. In other words, the contemnor must be allowed to show the version of events relayed to the circuit court was inaccurate, misleading, or incomplete. See *Milton*, 2018 IL

13

App (1st) 171392, ¶ 44 (quoting *People v. Jashunsky*, 51 Ill. 2d 220, 225 (1972)). Here, Joseph was deprived of such an opportunity due to the lack of notice of a hearing on the petition for rule to show cause filed on November 26, 2019. See *id.* ¶¶ 44-45.

¶ 37     For these reasons, the circuit court abused its discretion by finding Joseph in indirect civil contempt pursuant to the petition for rule to show cause filed on November 26, 2019. See *Lee*, 2017 IL App (3d) 150651, ¶ 38. We vacate the portions of the circuit court's October 26, 2020, order pertaining to only that petition and the related findings of indirect civil contempt.

¶ 38                                III. CONCLUSION

¶ 39     The underlying orders, resolving and reaffirming child support and Rule 137 sanctions, are affirmed. The order entered on October 26, 2020, is partially vacated. The cause is remanded.

¶ 40     Affirmed in part and vacated in part.
         Cause remanded.