NOTICE
Decision filed 09/29/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 241179-U

NO. 5-24-1179

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| WILLIAM D. MAY JR., | ) | Williamson County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | No. 11-D-241 |
| | ) | |
| AMY MAY, | ) | Honorable |
| | ) | John W. Sanders, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Boie and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The case is dismissed for lack of jurisdiction where the circuit court failed to address the pending petition for rule to show cause prior to the appeal.

¶ 2    Respondent, Amy May, appeals the circuit court's post-dissolution order. On appeal, she argues that the circuit court's post-dissolution order failed to allocate her portion of petitioner William D. May Jr.'s pension and further argues that the trial court erred by failing to consider evidence related to the pension apportionment. For the following reasons, we dismiss this appeal.

1

¶ 3                                         BACKGROUND

¶ 4     In 2011, William filed for divorce from Amy, after 14 years of marriage. A judgment of dissolution that incorporated a marital settlement agreement (MSA) and a joint parenting agreement executed by the parties was filed on July 6, 2011.

¶ 5     On April 2, 2024, Amy filed a petition for rule to show cause. Amy's petition was based on language from the MSA that divided the parties' property and provided both parties with one-half of William's pension. More specifically, the paragraphs at issue stated:

        "7. The Petitioner, WILLIAM D. MAY Jr., shall be the sole owner, exclusive of any claim, right or interest of the Respondent, AMY MAY, of the real estate located at 601 North 35th Street, Herrin, Illinois, the 1995 Ford F-150 truck, the 1998 Dodge Dakota truck, the sixteen foot john boat, the twenty-one food Stratford boa[t], the Kodiak four-wheeler, one-half (1/2) of his pension, all of his 401(K) plan, and the personal property presently in his possession.

        8. That Respondent, AMY MAY, shall be the sole owner, exclusive of any claim, right or interest of the Petitioner, WILLIAM D. MAY Jr., of the 2006 Chrysler Town and Country van, one-half (1/2) of the Petitioner's pension, and the personal property presently in her possession."

¶ 6     Amy's petition alleged that William was now retired and drawing his pension but was willfully and contemptuously refusing to abide by the terms of the MSA "by refusing to sign the requisite [Qualified Domestic Relations Order (QDRO)] required for [Amy] to begin receiving her share of [William's] pension." On May 8, 2024, the court entered a rule to show cause order. On June 18, 2024, William filed an answer denying the majority of Amy's allegations. On June 25,

2024, the trial court granted the parties leave to file a memorandum of law "as to the issue of the time period for the [QDRO] to be in effect."

¶ 7　On July 11, 2024, Amy filed a memorandum of law contending that she was "entitled to the entirety of the 'one-half (1/2) of the Petitioner's pension' " not just the portion which accrued during the marriage. In support, Amy argued that the MSA was drafted by William and did not limit her half to only the funds obtained during marriage.

¶ 8　On August 12, 2024, William filed a memorandum of law. Therein, William conceded that the language in the MSA did not clarify whether Amy was entitled to one-half of the pension based on the date of divorce or one-half of the pension at the time of retirement. William claimed the time period for the QDRO was the duration of the marriage, but Amy did not present a QDRO for entry following the dissolution of marriage. William's memorandum further asserted that in the 13 years since the divorce, he changed jobs, increased his pension contributions, and enhanced the pension as a whole "when he bought four years' worth of credit back for his pre-marital post-1956 military services." The memorandum argued that the contribution was made from non-marital property to which Amy had no claim. William further noted that distribution of property is governed by section 503(b)(2) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/503(b)(2) (West 2022)) and marital property as it relates to pension benefits are those acquired after the marriage and before the judgment of dissolution of marriage. William's memorandum also addressed the two methods for distributing benefits, noting that *In re Marriage of Ramsey*, 339 Ill. App. 3d 752, 757-58 (2003) specifically declined to award any portion of "pension enhancements" that that came into existence after the dissolution. He further cited *In re Marriage of Richardson*, 381 Ill. App. 3d 47, 58 (2008) and a 2016 unpublished decision (*In re Marriage of*

3

*Weger*, 2016 IL App (5th) 150141-U, ¶ 12), in support of his position and attached information related to his military pension.

¶ 9    On August 29, 2024, the circuit court issued a docket entry order that stated:

"Although the MSA does not specifically state that wife is awarded one-half of husband's pension acquired during the marriage, this court accepts the arguments presented by husband (petitioner herein) as the more persuasive argument and in particular, finds as follows:

Although the decision by the fifth district appellate court in '[*In re Marriage of Ramsey*, 339 Ill. App. 3d 752 (2003)]' and the decision by the 3rd district court in '[*In re Marriage of Zamudio*, 2019 IL App (3rd) 160537]' are not directly on point—in '*Ramsey*' the court specifically reserved jurisdiction to later divide husband's pension plan upon retirement while in '*Zamudio*', there was no agreement by the parties at the time of the dissolution of marriage, nevertheless, this court finds these two decisions to be very instructive in its acceptance of husband's argument.

Wherefore, it is hereby ordered that the wife is awarded one-half of husband's pension plan from the date of the marriage to the date of the dissolution of marriage."

¶ 10    On September 27, 2024, Amy filed a motion to reconsider. Therein, Amy asserted that the circuit court erred in its previous application of existing law, noting that the court found that *Ramsey* and *Zamudio* were distinguishable and contending that the court ignored the previous agreement of the parties. Amy argued that the circuit court's decision essentially modified the MSA. She further argued, citing *In re Marriage of Hunt*, 78 Ill. App. 3d 653 (1979), that the order

4

failed to specify the method of valuation to be used. Finally, Amy argued, citing *In re Marriage of Wisniewski*, 286 Ill. App. 3d 236, 243 (1997), that the court had discretion to consider the evidence before it and devise a method on its own if the judgment or settlement agreement was silent on the issue of valuation, but the court failed to hold an evidentiary hearing and issued a ruling solely on the parties' briefs.

¶ 11    On October 10, 2024, the circuit court issued a docket entry order denying Amy's motion for reconsideration. Therein, the court found that Amy did not offer any newly discovered evidence or change in the law but argued that the court misapplied the current law. The court disagreed and found that a rehearing was neither warranted nor necessary, stating, "now, and at the time of its original ruling" it "thoroughly examined the case law" proffered by the parties and was "not persuaded by the well-argued position set forth by the movant." On October 25, 2024, the circuit court issued a federal retirement benefits order that provided Amy with "fifty percent (50%) of [William's] gross monthly annuity under the Federal Employees Retirement System from the date of marriage, May 10, 1997, through the date on which the Judgment for Dissolution was entered, July 6, 2011." The order directed the United States Office of Personnel Management (OPM) to issue Amy's portion directly to Amy. Amy appeals from that order.

¶ 12                                    ANALYSIS

¶ 13    On appeal, Amy raises two issues. She first argues that the circuit court erred by entering the order because the order failed to set forth the allocation of the marital portion of William's pension to be shared. She further argues that the circuit court erred by entering the order because the court failed to consider any evidence related to the method of pension apportionment and deprived her of her right and obligation to present such evidence. William disagrees and urges this

5

court to affirm the circuit court's order. Upon query by the panel at oral argument, the parties also disputed whether this court has jurisdiction to consider the issues raised in this appeal.

¶ 14    Regardless of whether the issue is raised by one of the parties, the appellate court is obligated to consider its jurisdiction and "should dismiss an appeal if jurisdiction is lacking." *In re Marriage of Tetzlaff*, 304 Ill. App. 3d 1030, 1035 (1999). "It is well-established that except as specifically provided in the supreme court rules, this court is without jurisdiction to review judgments, orders and decrees that are not final." *In re Marriage of Kostusik*, 361 Ill. App. 3d 103, 108 (2005).

¶ 15    Here, Amy originally filed a petition for rule to show cause claiming that William was not abiding by the judgment because he refused to sign paperwork that would provide her with what she considered her proper share of his retirement pension. The court subsequently entered a rule to show cause order setting the petition for hearing on June 25, 2024. A rule to show cause order issued by a court does not constitute a finding that a court order was violated; the rule to show cause order is part of the process of notifying the alleged contemnor of the charges, and of the time and place for the hearing. *In re Marriage of LaTour*, 241 Ill. App. 3d 500, 508 (1993).

¶ 16    When the parties appeared on June 25, 2024, no decision on Amy's petition for rule to show cause was issued. Instead, the court directed the parties to file memorandums of law on the issue of the QDRO time period. After the parties submitted their memorandums, the court found that Amy's portion of William's pension was limited to the period from the date of the marriage to the date of the dissolution. However, no order explicitly granting or denying Amy's petition for rule to show cause is found in the record.

¶ 17    An appeal pursuant to Rule 303 requires a final judgment or an order disposing of a pending post judgment motion. See Ill. S. Ct. R. 303(a)(1), (2) (eff. July 1, 2017). Here, the circuit court's

August 29, 2024, order addressed the merits of the argument but failed to address the pending petition for rule to show cause. Therefore, not all claims were included in the order. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016) (addressing appeals that do not involve all claims before the circuit court and requiring express written findings that would allow for an appeal in such instance). Nor does this case involve one of the exceptions that allow for direct appeal as provided in Rule 304(b). See Ill. S. Ct. R. 304(b) (eff. Mar. 8, 2016).

¶ 18    Given the ultimate decision on the pension as set forth in the circuit court's order, it is possible that the circuit court's failure to issue a decision on the pending petition for rule to show cause was merely an oversight. However, in a case similar to the one at bar, the Illinois Supreme Court held that the *pending* rule to show cause petition precluded any finding of a final judgment and without the express finding of necessity required by Rule 304(a), jurisdiction was lacking. See *In re Marriage of Gutman*, 232 Ill. 2d 145, 151-54 (2008). Here, Amy's petition for rule to show cause remains pending as no ruling is found in the record and no Rule 304(a) language was included in the circuit court's order addressing the merits of the pension. Accordingly, we find that we do not have jurisdiction over this appeal and dismiss the case.

¶ 19                                    CONCLUSION

¶ 20    For the above-stated reasons, this court lacks jurisdiction and we dismiss the appeal.


¶ 21    Dismissed.