**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230157-U

Order filed February 16, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| MICHELLE R. POND, | ) | Du Page County, Illinois, |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| and | ) | Appeal No. 3-23-0157 |
| | ) | Circuit No. 03-D-2090 |
| DAVID G. POMRENKE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | Honorable |
| (Michael D. Canulli, Petitioner-Appellant | ) | Maureen R. Riordan, |
| v. Michelle R. Pond, Respondent-Appellee). | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Presiding Justice McDade and Justice Hettel concurred in the judgment.

_____

**ORDER**

¶ 1  *Held*: The court erred by dismissing the second petition for rule to show cause on the basis of *res judicata*.

¶ 2  Petitioner, Michael D. Canulli, appeals the Du Page County circuit court's order dismissing his second petition for rule to show cause. Canulli argues that the court erred by

dismissing the petition on the grounds of *res judicata*. We reverse and remand for further proceedings on Canulli's second petition for rule to show cause.

¶ 3                                    I. BACKGROUND

¶ 4        Canulli represented petitioner, Michelle R. Pond, in the underlying divorce proceedings. In December 2008, the court entered an agreed order regarding the payment of Canulli's attorney fees, which provided for the payment of $57,000 in fees. In February 2022, Canulli filed a petition for rule to show cause and indirect civil contempt against Pond. Canulli alleged that Pond had only paid him $44,500 and that she still owed $12,500. He further alleged that the last payment he received was in February 2011 and that Pond's failure to pay was a willful violation of the 2008 order.

¶ 5        Pond filed a response arguing that the claim was barred by the doctrine of *laches*, barred by the ten-year statute of limitations for written contracts, and that no amount remained due and owing. As to the argument that no amount remained due and owing, Pond set forth that all but $8735.35 of the $57,000 had been paid, but that Canulli had agreed to give her $11,500 in credit for overcharging her, such that she had overpaid. Following a hearing, the court issued a rule to show cause, which indicated that Pond was $8735.35 out of compliance with the 2008 order.

¶ 6        Canulli filed a motion to reconsider because the amount set forth in the rule to show cause was different than the amount he sought in his petition. At the evidentiary hearing on the rule to show cause, the court addressed Canulli's motion to reconsider. It noted that it issued the rule in the amount for which it found a *prima facie* case had been made. The court denied the motion to reconsider. The evidentiary hearing proceeded and Pond and Canulli testified. The court took the matter under advisement and in September 2022, it issued a written order.

2

¶ 7        The written order set forth some of Pond's testimony regarding payments she made and her communications with Canulli regarding the payments and/or amounts allegedly due. The court found Pond's testimony credible. It found Canulli's responses to some questioning to be evasive. The court found that the invoices and balances Canulli presented to Pond over the years "were, at best, confusing, and at worst, contradictory." The court noted that it was reasonable for Pond to have requested itemizations of her account because of the varying information she received regarding the amount allegedly due. The court determined that these requests, along with a lack of response from Canulli for years at a time, made it reasonable for Pond to conclude that the account had been paid in full. It found that Pond's failure to remit any further payment was neither a willful nor contumacious violation of the 2008 order. The court found that Pond was not in indirect civil contempt. It quashed and recalled the previously issued rule to show cause.

¶ 8        Canulli filed a motion to reconsider arguing that in its order regarding the rule to show cause, the court determined that Pond only made payments totaling $42,810, leaving a balance due and owing to him of $14,190. He argued that because the evidence at the hearing showed that Pond did not pay the entire $57,000, she should have been found in contempt. Canulli further argued that regardless of the finding of contempt, the court was duty bound to enforce the 2008 order and should order Pond to pay him $14,190 which the court's findings showed was the balance due. Last, Canulli argued that, as the court's findings showed Pond owed a balance of $14,190 to him, the court erred by not reducing that balance to a judgment. Pond filed a response arguing that Canulli's motion did not meet the standard for a motion to reconsider because there was no newly discovered evidence, change in the law, or error by the court in applying the law. Pond further argued that the issue during the contempt proceeding was whether Pond willfully

3

violated the 2008 order, not the amount she paid. Additionally, Pond argued that Canulli had not sought a judgment in his petition. Last, she argued that there were several defenses to Canulli's attempt to obtain a judgment, including the statute of limitations and the doctrine of *laches*. In December 2022, the court denied the motion to reconsider "[f]or the reasons stated on the record."[1]

¶ 9        In January 2023, Canulli filed a second petition for rule to show cause and indirect civil contempt against Pond. Canulli alleged that the 2008 order required Pond to pay him $57,000 and that per the findings of the court's September 2022 order, Pond still owed him $13,199.90. He argued that Pond has known since the issuance of the September 2022 order that she owes Canulli $13,199.90 and she has not made any payments. Canulli argued that since a reasonable time had passed and Pond still had not paid, her failure was willful and contumacious. Canulli requested that the court order Pond to pay him the remaining balance or reduce it to a judgment. He sought the contempt ruling due to Pond's failure to pay since the issuance of the September 2022 order.

¶ 10       Pond filed a motion to dismiss the second petition and argued that it was barred by the doctrine of *res judicata* because it sought the same relief Canulli sought in his first petition. Pond argued that the court's September 2022 order did not make a finding that Pond owed any amount and stated that Canulli's representations to the contrary were "disingenuous at best, especially considering the history of this case and the Court's denial of his motion to reconsider taking this same position." In his response, Canulli argued that *res judicata* did not apply because Pond's continued default constituted a separate cause of action for contempt. During a hearing on the motion to dismiss, the court stated that "the second petition for rule is the exact same thing as the

_____

[1]The record on appeal does not contain the transcript for this hearing.

first." The court dismissed the second petition based upon *res judicata* and it stated that "[t]his was litigated ad nauseam." Canulli appeals.

¶ 11                                          II. ANALYSIS

¶ 12         Canulli argues that the court erred by finding that *res judicata* applied because his second petition only involved allegations regarding Pond's violation of the 2008 order that took place after the court entered its September 2022 order denying his first petition such that the second petition did not involve the same claims as the first petition.

¶ 13         "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction acts as an absolute bar to a subsequent action between the same parties or their privies involving the same claim, demand, or cause of action." *Wilson v. Edward Hospital*, 2012 IL 112898, ¶ 9. We review *de novo* the circuit court's application of *res judicata*. *Buchanan v. Legan*, 2017 IL App (3d) 170037, ¶ 22.

¶ 14         Here, the court erred by dismissing the matter on the basis of *res judicata* because the claims in Canulli's first petition and second petition were not the same. The petitions involved different time periods during which Canulli alleged that Pond was willfully out of compliance with the 2008 order. Specifically, the second petition involved an allegation that Pond had willfully failed to pay amounts due under the 2008 order in the time period following the court's September 8, 2022, order on his first petition. This allegation necessarily could not have been included in Canulli's first petition as the first petition obviously predated the order denying said petition. We note that *res judicata* may have been appropriate if the court had definitively put an end to Canulli's claim for fees against Pond by, for example, determining that she did not owe

5

Canulli anything or that his claim was barred by the doctrine of *laches*;[2] however, the court's finding with regard to the first contempt petition was that Pond was not in contempt because her failure to pay was not willful and contumacious and that finding applies to a different time period than that included in Canulli's second petition. Although Pond argues that the court found she did not owe anything, the record before us does not show such a definitive finding; rather the court held in its September 2022 order that it was reasonable for Pond to have concluded she did not owe anything which is not the same as concluding she in fact did not owe anything. Based on the foregoing, we remand for further proceedings on Canulli's second petition. Our decision to do so should not be construed as an indication that the petition has merit, rather it is simply based upon the conclusion that on the record before us dismissal was not warranted under the doctrine of *res judicata*. Additionally, we deny Canulli's request to require that the matter be reassigned to a different judge on remand as the record does not indicate the assigned judge was biased against Canulli.

¶ 15                                   III. CONCLUSION

¶ 16        The judgment of the circuit court of Du Page County is reversed and the matter remanded for further proceedings.

¶ 17        Reversed and remanded.

---

[2]We recognize that it is possible the court could have made this type of finding during the hearing on Canulli's motion to reconsider the court's order on his first petition. However, we do not have a transcript of that hearing. Additionally, the court specifically stated that the claim in the first petition was the same as the second petition which indicates its decision to apply *res judicata* was based on the erroneous belief that the two petitions were the same even though they involved different time periods.