**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240696-U

Order filed October 21, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| MICHELLE R. POND, | ) | Du Page County, Illinois, |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| and | ) | Appeal No. 3-24-0696 |
| | ) | Circuit No. 03-D-2090 |
| DAVID G. POMRENKE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | Honorable |
| (Michael D. Canulli, Petitioner-Appellant | ) | Maureen R. Riordan, |
| v. Michelle R. Pond, Respondent-Appellee). | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE BRENNAN delivered the judgment of the court.
Justices Hettel and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The trial court did not abuse its discretion in denying the second petition for rule to show cause.

¶ 2    Petitioner, Michael D. Canulli, appeals the trial court's order denying his second petition for rule to show cause. For the reasons set forth below, we affirm.

¶ 3                                I. BACKGROUND

¶ 4 Canulli represented Michelle R. Pond in the underlying divorce proceedings. This case has an extensive procedural history, including a prior appeal in which we set forth the procedural history at length. See *In re Marriage of Pond*, 2024 IL App (3d) 230157-U. We recount only the relevant facts below.

¶ 5 A. First Petition for Rule to Show Cause

¶ 6 On December 17, 2008, the trial court entered an agreed order providing for the payment of Canulli's attorney fees in the amount of $57,000. Intermittent disputes about the amount due ensued for many years thereafter. On February 1, 2022, Canulli filed a petition for rule to show cause against Pond requesting that Pond be held in indirect civil contempt for failure to pay the full amount due. Canulli alleged that Pond had only paid him $44,500 and that she still owed $12,500. Pond responded that the claim was barred by the doctrines of *res judicata* and *laches* and the 10-year statute of limitations for written contracts. She also responded that no amount remained due and owing, stating that all but $8,735.35 of the $57,000 had been paid but that Canulli had agreed to credit her $11,500 for overcharging her such that she had actually overpaid. Following a hearing, on March 22, 2022, the trial court issued a rule to show cause against Pond as to the failure to pay $8,735.35 of the total sum set forth in the 2008 agreed order.

¶ 7 Canulli moved to reconsider on the basis that the amount set forth in the rule to show cause differed from the amount sought in his petition. The trial court denied the motion to reconsider, noting that it issued the rule in the amount for which it found a *prima facie* case had been made.

¶ 8 On September 8, 2022, following an evidentiary hearing at which Canulli and Pond testified, the trial court issued a written order, quashing and recalling the previously issued rule to show cause, finding that Pond's failure to remit any further payment was neither a willful nor

2

contumacious violation of the 2008 agreed order and that Pond was not in indirect civil contempt. In doing so, the court recounted Pond's testimony, which the court found credible, regarding payments she made and her communications with Canulli about the payments and amounts allegedly due. The court found Canulli's responses to some questions evasive and that the invoices and balances Canulli presented to Pond over the years "were, at best, confusing, and at worst, contradictory." Noting that it was reasonable for Pond to have requested itemizations of her account because of the varying information she received regarding the amount allegedly due, the court determined that these requests, along with a lack of response from Canulli for years at a time, made it reasonable for Pond to conclude that the account had been paid in full.

¶ 9     Canulli filed a motion to reconsider, arguing that the trial court, in its September 8, 2022, order, determined that Pond only made payments totaling $42,810, leaving a balance due and owing to him of $14,190. He argued that, because the evidence at the hearing showed that Pond did not pay the entire $57,000, she should have been found in contempt. Canulli further argued that, regardless of the contempt finding, the court was duty bound to enforce the 2008 agreed order and should order Pond to pay him $14,190, which the court's findings showed was the balance due. Last, Canulli argued that, as the court's findings showed Pond owed a balance of $14,190 to him, the court erred by not reducing that balance to a judgment.

¶ 10     Pond filed a response, arguing that Canulli's motion did not meet the standard for a motion to reconsider because there was no newly discovered evidence, change in the law, or error by the court in applying the law. Pond further argued that the issue during the contempt proceeding was whether Pond willfully violated the 2008 agreed order, not the amount she paid. Additionally, Pond argued that Canulli had not sought a judgment in his petition. Last, she argued that there were several defenses to Canulli's attempt to obtain a judgment, including the

3

statute of limitations and the doctrine of *laches*. On December 8, 2022, following a hearing, the trial court denied the motion to reconsider "[f]or the reasons stated on the record."

¶ 11                    B. Second Petition for Rule to Show Cause

¶ 12        On January 9, 2023, Canulli filed a second petition for rule to show cause and indirect civil contempt against Pond. Canulli alleged that the 2008 agreed order required Pond to pay him $57,000 and that, per the findings set forth in the trial court's September 8, 2022, order, Pond still owed him $13,199.90. He argued that Pond had known, since the issuance of the September 8, 2022, order, that she owes Canulli $13,199.90 and that her failure to make any payments was willful and contumacious. Accordingly, Canulli requested that the court order Pond to pay him the remaining balance or reduce it to a judgment. He also sought a contempt ruling due to Pond's failure to pay since the issuance of the September 8, 2022, order.

¶ 13        Pond filed a motion to dismiss the second petition and argued that it was barred by the doctrine of *res judicata* because it sought the same relief Canulli sought in his first petition. Pond argued that the trial court's September 8, 2022, order did not make a finding that Pond owed any amount and stated that Canulli's representations to the contrary were "disingenuous at best, especially considering the history of this case and the Court's denial of his motion to reconsider taking this same position." In response, Canulli argued that *res judicata* did not apply because Pond's continued default constituted a separate cause of action for contempt. During a hearing on the motion to dismiss, the court stated that "the second petition for rule is the exact same thing as the first." The court dismissed the second petition based upon *res judicata* and stated that "[t]his was litigated ad nauseam."

¶ 14        Canulli appealed, arguing that the trial court erred in applying *res judicata* because his second petition only involved allegations regarding Pond's violation of the 2008 agreed order

4

that took place *after* the court entered its September 8, 2022, order denying his first petition such that the second petition did not involve the same claims as the first petition. We reversed and remanded for further proceedings on the basis that the trial court erred by dismissing the matter on *res judicata* grounds because the claims in Canulli's first petition and second petition were not the same. *Marriage of Pond*, 2024 IL App (3d) 230157-U. We reasoned:

> "The petitions involved different time periods during which Canulli alleged that Pond was willfully out of compliance with the 2008 order. Specifically, the second petition involved an allegation that Pond had willfully failed to pay amounts due under the 2008 order in the time period following the trial court's September 8, 2022, order on his first petition. This allegation necessarily could not have been included in Canulli's first petition as the first petition obviously predated the order denying said petition." *Id.* ¶ 14.

¶ 15    We noted that *res judicata* may have been appropriate if the trial court had definitively ended Canulli's claim for fees against Pond by, for instance, determining that she did not owe Canulli anything or that his claim was barred by the doctrine of *laches*. *Id.* However, the trial court's finding with regard to the first contempt petition was that Pond was not in contempt because her failure to pay was not willful and contumacious—a finding that applied to a different time period than that included in Canulli's second petition. *Id.* We rejected Pond's argument that the trial court found that she did not owe anything, reasoning that the record did not support such a definitive finding. *Id.* Rather, in its September 8, 2022, order, the court made a different finding—that it was reasonable for Pond to have concluded that she did not owe anything. *Id.*

¶ 16    We did, however, explicitly recognize the possibility that the trial court could have made such a finding (that Pond did not owe anything) during the December 8, 2022, hearing on

5

Canulli's motion to reconsider the trial court's order on the first petition. *Id.* ¶ 14 n.2. However, the transcript for that hearing was not included in the record on appeal. *Id.* Accordingly, we remanded for further proceedings on Canulli's second petition for rule to show cause but noted, "Our decision to do so should not be construed as an indication that the petition has merit, rather it is simply based upon the conclusion that on the record before us dismissal was not warranted under the doctrine of *res judicata*." *Id.* ¶ 14.

¶ 17                                      C. Remand

¶ 18        On remand, Pond filed a response to the second petition for rule to show cause. Canulli moved to, *inter alia*, strike the response and issued a request to admit facts and the genuineness of documents. At an August 12, 2024, status hearing, Canulli questioned "why this [the second petition for rule to show cause] isn't as simple as subtracting what [Pond] paid from the amount we know was owed because the Court has an obligation to enforce that order." The trial court responded, "Because that wasn't the finding. The finding was that she had paid at least those amounts." The trial court further noted that it "made no such determination as to how much she owed," to which Canulli responded, "Of course you did. You made findings as to what she had paid." The trial court stated, "I respectfully disagree with you, Mr. Canulli." The case was continued to for a ruling on objections to the request to admit and the setting of the second petition for rule to show cause. On August 22, 2024, following a hearing, the trial court ruled on the objections to the request to admit and continued the case to October 1, 2024, for a hearing on the second petition for rule to show cause (and then to November 26, 2024, for a hearing on the rule to show cause if it issues).

¶ 19        At the October 1, 2024, hearing, at which the parties argued and Canulli testified as to the amount he believed was owed. Canulli's position was that Pond should be held in contempt

because the trial court found, in its September 8, 2022, order, that she owed $13,199 to Canulli and that she had failed to pay that amount to Canulli after entry of the September 8, 2022, order. The trial court first queried how its September 8, 2022, order could be interpreted to have found that Pond owed Canulli $13,199, given its subsequent ruling at the December 8, 2022, hearing (the transcript of which was not available in the prior appeal but is part of the record on appeal here). Specifically, at the December 8, 2022, hearing, the trial court denied Canulli's motion to reconsider and his request for a judgment in the amount of $13,199 on grounds that Canulli failed to carry his "burden with regards to the amount that would be due."

¶ 20    The trial court next noted that, in his second rule to show cause, Canulli alleged that Pond had known since the September 8, 2022, order that she owed Canulli $13,199 and that her failure to pay him that amount was willful, but the trial court found that it did not make any finding in the September 8, 2022, order that any amount was due to Canulli. "In fact, the Court specifically declined to do so, declined to find an amount due, and declined to enter a judgment after the hearing on the aforementioned motion to reconsider." Accordingly, the trial court ruled that Canulli had failed to establish a *prima facie* case and denied his second rule to show cause petition.

¶ 21    Following the ruling, Canulli continued to challenge the decision. The trial court advised Canulli that, if he continued to proceed, the argument would be treated as a motion to reconsider. Canulli continued to argue that he established a *prima facie* case given the undisputed fact that Pond has not paid the full $57,000 sum set forth in the 2008 agreed order. The trial court ruled, "Your oral motion to reconsider is denied. I'll include that in the order as well." The October 1, 2024, written order provided that Canulli "failed to provide sufficient facts to show prima facie evidence of civil contempt" and that the second petition for rule to show cause against Pond as

7

well as Canulli's "oral motion to reconsider" are denied (and struck the November 26, 2024, hearing date).

¶ 22    On October 29, 2024, Canulli filed a written motion to reconsider the October 1, 2024, order, reiterating his argument that he had presented *prima facie* evidence of contempt. On November 13, 2024, the trial court denied the motion and further stated that the oral motion to reconsider had been previously denied.

¶ 23                                    II. ANALYSIS

¶ 24    On appeal, Canulli challenges the denial of his second petition for rule to show cause and the denial of reconsideration and requests that we remand the case with directions to issue a rule to show cause and determine whether Pond should be held in indirect civil contempt for her continued failure to pay the balance due of $13,199.90. Canulli also requests that the matter be reassigned to a different judge on remand, arguing that the assigned judge is biased against him.

¶ 25    Initially, Pond argues that we lack jurisdiction over Canulli's appeal because his notice of appeal was not timely filed within 30 days after the October 1, 2024, order denying his oral motion for reconsideration. While Canulli subsequently filed a written motion to reconsider, Pond points out that, when a party files a second motion to reconsider after an initial motion to reconsider has been denied, the filing of the second motion does not stay or otherwise toll the 30-day time period for filing a notice of appeal because a party is entitled to only one postjudgment motion. *Benet Realty Corp. v. Lisle Savings & Loan Ass'n*, 175 Ill. App. 3d 227, 231-32 (1988); accord Ill. S. Ct. R. 274 (eff. July 1, 2019). However, the record reflects that the ostensible reconsideration motion was, in substance, continued argument, particularly given that it was an oral request. See *Stackhouse v. Royce Realty & Management Corp.*, 2012 IL App (2d) 110602, ¶ 15 ("A posttrial motion pursuant to section 2-1202 must be in writing to be effective.

8

[Citation.] An oral motion is insufficient."); see also 735 ILCS 5/2-1203 (West 2024) ("Motions after judgment in non-jury cases").

¶ 26    Accordingly, on October 29, 2024, Canulli timely filed a written motion to reconsider the October 1, 2024, order. The trial court denied the motion on November 13, 2024. Canulli timely filed his notice of appeal on December 11, 2024. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017) (notice of appeal must be filed within 30 days after the entry of the final judgment or, if a timely posttrial motion directed against the judgment is filed, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment). It follows that we have jurisdiction over Canulli's appeal.

¶ 27    Turning to the merits, we outline the civil contempt process to place Canulli's argument in context. " 'A petition for a rule to show cause is the method for notifying the court that a court order may have been violated, and the petitioner requests a hearing on the issue. The petition for a rule to show cause and the rule to show cause operate together to inform the alleged contemnor of the allegations against [him or] her.' " *People v. Weinstein*, 2024 IL App (2d) 230062, ¶ 115 (quoting *In re Marriage of LaTour*, 241 Ill. App. 3d 500, 508 (1993)). In turn, the issuance of a rule to show cause is not a finding that a court order has been violated but rather, part of the process of notifying the alleged contemnor of the charges and time and place of the hearing. *Id.* At the hearing, the petitioner bears the burden of showing that a violation of a court order has occurred. *Id.* Once the initial burden has been met, the burden shifts to the alleged contemnor to show that the violation was not willful and contumacious and that the alleged contemnor has a valid excuse for failing to follow the order. *Id.* ¶ 108. The standard of review for the denial of a petition for rule to show cause is an abuse of discretion. *Eckerty v. Eastern Illinois Foodbank*, 2022 IL App (4th) 210537, ¶¶ 31-32.

9

¶ 28       Canulli asserts that the only relevant issue at the October 1, 2024, hearing was whether Pond was in continued violation of the September 8, 2022, order such that a rule to show cause should issue. Canulli contends that he met his initial burden of proof and established a *prima facie* case for indirect civil contempt by establishing that Pond had not paid him the outstanding amount. Thus, the trial court should have simply found that Canulli established a *prima facie* case for indirect civil contempt, issued the rule to show cause, and continued the hearing for the second proceeding to determine whether Pond's failure to pay was willful and contumacious without cause such that she should be held in indirect civil contempt. Canulli requests that we vacate the October 1, 2024, order (and the November 13, 2024, order denying reconsideration) and remand the case with directions to issue a rule to show cause and determine whether Pond should be held in indirect civil contempt for her continued failure to pay the balance due of $13,199.90.

¶ 29       While noncompliance with a court order is *prima facie* evidence of indirect civil contempt (see *Weinstein*, 2024 IL App (2d) 230062, ¶ 118), Canulli's argument rests on the faulty premise that he established noncompliance with a court order. Specifically, Canulli maintains that the trial court found, in its September 8, 2022, order, that Pond owed Canulli $13,199. However, the record contradicts that premise. First, on December 8, 2022, in denying Canulli's motion for reconsideration and request for judgment in the amount of $13,199, the trial court found that Canulli failed to carry his burden with regard to the amount due. Second, on remand, at the August 12, 2024, hearing, the trial court stated that it "made no such determination as to how much [Pond] owed." Third, on October 1, 2024, the trial court again ruled that the September 8, 2022, order did not contain any findings that any amount was due to Canulli from Pond, that the trial court specifically declined to find an amount due, and that the

10

trial court had previously made that position clear when it denied Canulli's prior motion to reconsider and request for a judgment. Accordingly, Canulli failed to establish that Pond was in violation of the September 8, 2022, order and thus failed to meet his burden of establishing a *prima facie* case for indirect civil contempt. In sum, the trial court did not abuse its discretion in denying Canulli's second petition for rule to show cause.

¶ 30　　　　In light of our holding, we need not address Canulli's request that the matter be reassigned to a different judge on remand and further note that the record does not indicate that the assigned judge was biased against Canulli.

¶ 31　　　　　　　　　　　　　　III. CONCLUSION

¶ 32　　　　The judgment of the circuit court of Du Page County is affirmed.

¶ 33　　　　Affirmed.